-20719-2
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEMETRIUS TYRONE CHAPPELL,

    Defendant.
_____/

Case No. 18-CR-20719-2
Hon. Thomas L. Ludington

**ORDER DENYING DEFENDANT'S MOTION OPPOSING
THE GOVERNMENT'S 21 U.S.C. § 851 SENTENCING ENHANCEMENT**

On November 13, 2019, Defendant Demetrius Tyrone Chappell pled guilty to one count of conspiracy to possess with intent to distribute cocaine and one count of use of a communication facility. ECF No. 157; ECF No. 361 at PageID.1586. His sentencing is scheduled for November 12, 2020. Defendant has filed a motion in opposition to the 21 U.S.C. § 851 sentencing enhancement that Plaintiff the United States of America (the "Government") seeks based on a 1993 state court conviction against Defendant. ECF No. 375. The Government responded to Defendant's motion on July 14, 2020, and Defendant filed a reply brief on August 7, 2020. ECF Nos. 391 and 404. For the reasons below, Defendant's motion will be denied.

**I.**

On October 24, 2018, a federal grand jury returned an indictment against Defendant and nine co-conspirators, charging them with, among other crimes, conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). ECF No. 1. A superseding indictment was returned on July 10, 2019, but the charges against Defendant remained the same. ECF No. 157. On January 18, 2020, the Government notified Defendant

pursuant to 21 U.S.C. § 851(a) that it was seeking a sentencing enhancement for a Michigan felony conviction from 1993. ECF No. 122. The notice described the predicate state felony:

> On June 9, 1993, the defendant was convicted of Del/Mfg of narcotics 1000 or more grams in the 6th Circuit Court, Oakland county, Michigan, case number 91110453FC. The defendant was sentenced to life in prison, which was subsequently reduced, and was released from prison in 2011.

ECF No. 122 at PageID.342-43. With the sentencing enhancement, he increased statutory penalty would be not less than 10 years and not more than life imprisonment, a maximum fine of up to $5,000,0000, and a term of supervised release of at least eight years. *Id.* at PageID.343; 21 U.S.C. § 841(b)(1)(B).

On November 13, 2019, Defendant pled guilty without a Rule 11 plea agreement to one count of conspiracy to possess with intent to distribute cocaine and one count of use of a communication facility, as charged in the superseding indictment. ECF No. 361 at PageID.1586. After several adjournments, Defendant's sentencing was set for June 25, 2020, but on May 29, 2020, he objected to sentencing by Zoom video conference.[1] Consequently, an in-person sentencing hearing was set for September 3, 2020.

On June 9, 2020, Defendant filed a motion and brief in opposition to the Government's proposed sentencing enhancement. ECF No. 375. On July 7, 2020, the Government filed a supplemental notice of penalty enhancement. ECF No. 390. The supplemental notice corrects the offense name, "Conspiracy to Del/Mfg 650 or more grams," and provides a citation: "MCL 333.74012A1(C)." ECF No. 390 at PageID.1792; *see also* ECF No. 391-1 (copy of amended state court judgment). All other identifying information is the same. ECF No. 390 at PageID.1792. The

---

[1] Sentencing by Zoom video conference has become the norm since the start of the COVID-19 pandemic. *See In re Temporary Use of Video Conferencing, Telephone Conferencing, and Other Procedures in Criminal Matters Pursuant to the Coronavirus Aid, Relief, and Economic Security Act*, 20-AO-27 (April 10, 2020), http://www.mied.uscourts.gov/PDFFIles/20AO027.pdf (authorizing video sentencing in light of COVID-19 risks).

Government responded to Defendant's motion on July 14, 2020, to which Defendant replied on August 7, 2020. ECF Nos. 391 and 404.

## II.

Defendant raises three challenges to the Government's § 851 sentencing enhancement: (1) that the Government's initial notice of the enhancement was deficient; (2) that applying the enhancement against Defendant would violate the Ex Post Facto Clause of the United States Constitution; and (3) that applying the recidivist provisions of 21 U.S.C. §§ 841 and 851 violates Defendant's Fifth Amendment rights to due process and equal protection. The Court will address each of these arguments in turn below.

### A.

While Defendant does not openly suggest that the enhancement should be rejected because of deficient notice, he expresses confusion and describes the Government's behavior as "careless." ECF No. 375 at PageID.1686-87; ECF No. 404 at PageID.1893. Specifically, Defendant points to a discrepancy between Defendant's Presentence Investigation Report, which lists the predicate offense as "Conspiracy to Delivery/Manufacture 650 or More Grams," and the Government's initial notice, which described the predicate offense as "Del/Mfg of narcotics 1000 or more grams." ECF No. 122 at PageID.342-43. To resolve any doubt as to the adequacy of notice, the Court will address the issue here.

> 21 U.S.C. § 851(a)(1) provides, in relevant part:
>
> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). "The Sixth Circuit has explained that the purpose of § 851 is to 'provide the defendant with reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism.'" *United States v. Shields*, 2018 WL 561856, at *3 (E.D. Ky. Jan. 25, 2018) (citing *United States v. King*, 127 F.3d 483, 488 (6th Cir. 1997)). There can be no doubt that Defendant has received "reasonable notice and an opportunity" to challenge the enhancement. *Id.* The Government's initial notice identified all the information necessary to obtain a copy of the judgment in question. ECF No. 122. Indeed, well over a year passed between the Government's initial notice and Defendant's motion in opposition, and the Defendant filed his motion a month before the Government corrected the notice by supplement. ECF No. 375. Accordingly, Defendant has received the notice required by 21 U.S.C. § 851(a)(1).

**B.**

Defendant's Ex Post Facto argument is based on an approach to 21 U.S.C. § 802(44) that has been consistently rejected in the Sixth Circuit. Before addressing his argument, some background is necessary. On December 21, 2018, two months before Defendant was indicted, President Trump signed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, into law. Among other changes, the First Step Act altered the terms governing the enhancement of mandatory minimum sentences under §§ 841(b)(1)(A) and (B). The term "felony drug offense," defined by 21 U.S.C. § 802(44),[2] was replaced with "serious drug felony," essentially making it a subset of "felony drug offense."[3] *See United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019)

---

[2] Under section 802(44), "felony drug offense" means "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

[3] Under section 802(57) "serious drug felony" means "an offense described in [18 U.S.C. § 924(e)(2)]" for which "(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." The reference to section 924(e)(2) further restricts the definition of "serious drug felony" because it requires an offense under the Controlled Substances Act, Controlled Substances Import and Export Act, or state law involving manufacturing, distributing, or possessing with intent to distribute a controlled substance. 18 U.S.C. § 924(e)(2).

(discussing effect of the First Step Act), *cert. denied*, 140 S. Ct. 1237 (2020). Consequently, the First Step Act effected a "narrowing of qualifying convictions" so that only a "smaller set of crimes" would trigger sentence enhancements. *Id.*

"[T]wo critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29 (1981) (footnotes omitted); *United States v. Kruger*, 838 F.3d 786, 790 (6th Cir. 2016) (quoting the same). The Government does not dispute that it seeks to apply § 841(b)(1)(B) retroactively. *See* ECF No. 391. The question is whether doing so disadvantages Defendant.

Defendant alleges that retroactive application of § 841(b)(1)(B) disadvantages him because the predicate felony would not have constituted a "felony drug offense" under the previous version of § 841(b)(1)(B). ECF No. 375 at PageID.1691. To reach his conclusion, Defendant urges the Court to "analyze Michigan law governing drug conspiracies using either a categorical or the related modified categorical approach" to determine whether the predicate state felony is a "'categorical match' to the generic federal definition of 'felony drug offense' under § 802(44)." ECF No. 375 at PageID.1692. Setting the issue of interpretation aside, Defendant's argument requires him to assert that the predicate state felony is a "serious drug felony," but not a "felony drug offense."[4] Defendant fails to explain how this is even possible given the definitions of each term. "Serious drug felony," as explained in *Wiseman*, is really just a subset of "felony drug offense." *Wiseman*, 932 F.3d at 417. So, if Defendant's predicate state felony is a "serious drug felony," it must also have been a "felony drug offense."

---

[4] Nowhere does Defendant appear to contest the Government's premise that the predicate felony is a "serious drug felony." *See* ECF Nos. 375 and 404.

Furthermore, Defendant's assertion that the Court must use the categorical or modified categorical method to interpret § 802(44) is without support in this circuit. In *United States v. Spikes*, 158 F.3d 913 (6th Cir. 1998), the Sixth Circuit held that "§ 802(44) only requires that the state statute criminalize conduct 'relating' to drugs." *Spikes*, 158 F.3d at 932; *see also United States v. Graham*, 622 F.3d 445, 456 (6th Cir. 2010) (holding that juvenile-age conviction counts under § 802(44) because "relating" is the only "substantive limitation on the reach of the phrase 'felony drug offense'"). Defendant contends that *Spikes* and *Graham* are not controlling because neither addressed Defendant's argument that a categorical or modified categorical approach should be used. ECF No. 404 at PageID.1889. His distinction is unpersuasive.

A few years after *Spikes*, the Sixth Circuit clarified that it "does not employ a categorical approach to determining whether a prior conviction constitutes a 'felony drug offense' for purposes of section 841(b)(1)." *United States v. Soto*, 8 F. App'x 535, 541 (6th Cir. 2001). Nearly every district court in this circuit to consider the issue has agreed. *See United States v. Shields*, 2018 WL 561856, at *5 (E.D. Ky. Jan. 25, 2018) (collecting cases); *see also Silva v. Kizziah*, 2019 WL 2216501, at *3 (E.D. Ky. May 22, 2019) ("By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it 'relate to' conduct involving drugs. Given the breadth of this definition, the use of the categorical approach is neither necessary nor appropriate."), *aff'd*, 2020 WL 710789 (6th Cir. Jan. 9, 2020). Additionally, these cases were decided after *Mathis v. United States*, 136 S. Ct. 2243 (2016), the authority which Defendant suggests undermines *Soto*. ECF No. 404 at PageID.1889 n. 5.

Defendant's only in-circuit authority to the contrary is *United States v. Sanchez*, 2017 WL 3712239, at *2 (E.D. Mich. Aug. 29, 2017). While *Sanchez* describes Defendant's argument as a "novel issue," the Court held that the argument was moot and posed "a question of law [it]

declin[ed] to reach." *Sanchez*, 2017 WL 3712239, at *2-3. *Sanchez* was also decided before *Shields* and *Kizziah*, cases that directly address the categorical approach and hold that it does not apply. Defendant effectively asks this Court to disregard the overwhelming weight of authority in the Sixth Circuit and adopt a reading of § 802(44) that has been consistently rejected. The Court must decline his request.

Based on the foregoing, the Court finds that Defendant's predicate state felony would have qualified as "felony drug offense" under § 802(44) at the time it was committed. As a result, the retroactive application of § 841(b)(1)(B) does not prejudice him, and therefore does not violate the Ex Post Facto Clause.

## C.

Defendant's final argument is that applying the recidivist provisions of 21 U.S.C. §§ 841 and 851 violates his Fifth Amendment rights to due process and equal protection. ECF No. 375 at PageID.1699. In support, Defendant emphasizes Justice Breyer's dissent in *Harris v. United States*, 536 U.S. 545 (2002), among other criticism of mandatory minimums. *Id.* at PageID.1699-701. Defendant also points to the alleged inequity of applying an enhancement to his sentence but not that of his co-conspirator Christopher Roy. *Id.* at PageID.1700.

"[T]here is no doubt that Congress has authority to limit judicial discretion, or even eliminate it altogether, by imposing mandatory minimum sentences." *United States v. Wimbley*, 553 F.3d 455, 462-63 (6th Cir. 2009); *see also United States v. Huguely*, 569 F. App'x 360 (6th Cir. 2014) ("The district court's imposition of the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) did not deny [defendant's] due process or violate his equal-protection rights."). Defendant acknowledges the Sixth Circuit's rejection of his argument but offers it anyway to preserve the issue for appeal. ECF No. 375 at PageID.1701. Accordingly, the Court holds that

application of the recidivist provisions of §§ 841 and 851 does not violate Defendant's Fifth Amendment rights to due process or equal protection.

### III.

Accordingly, it is **ORDERED** that Defendant's Motion in Opposition to the Government's Sentencing Enhancement Under 21 U.S.C. 851, ECF No. 375, is **DENIED**.

Dated: August 27, 2020                                     s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge